# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00077-FDW

| | | |
|---|---|---|
| THOMAS AUGUSTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

THIS MATTER is before the Court pursuant to the Motion for Summary Judgement filed by the Government-Respondent (Doc. No. 8), filed June 11, 2007, and Petitioner Thomas Augustin's Response in Opposition to the Motion (Doc. No. 11), filed July 23, 2007. For the reasons stated herein, the Court GRANTS the Government's Motion.

BACKGROUND

Petitioner Thomas Augustin ("Petitioner") was indicted on September 10, 2002, on a single count of possession with intent to distribute cocaine powder and cocaine base in violation of 21 U.S.C. § 841. The indictment was the result of an undercover drug buy. Petitioner was immediately arrested and informed of his Miranda rights by Detective Sidney Lackey. Petitioner waived his Miranda rights, cooperated with law enforcement agents, and consented to the search of two residences. (Transcript at Sentencing at 11, 12, 16). At the first residence, which Petitioner shared with his girlfriend and child, law enforcement officers found a loaded weapon and $11,000 in U.S. currency. (Id. at 14-16.) Additionally, Petitioner had $1,200 in cash on his person. (Id. at 15.) Petitioner assisted with the search, pointing out various items within the residence. (Id. at 14.) At the second residence, officers found a large quantity of cocaine and cocaine base. (Id. at 15-17.)

Based on the undercover buy and the search of his residence, 2,080 grams of crack cocaine and 2,702 grams of powder cocaine were attributable to Petitioner. (Id. at 5.) Petitioner admitted owning all of the contraband that was recovered as a result of the searches. (Id. at 17-18.) The investigation also revealed that Petitioner had been involved in the distribution of crack cocaine from at least 2001 until his arrest on May 23, 2002. (*See* Presentence Report ¶ 9, hereinafter "PSR," a copy of which is identified as Exhibit A and filed under seal pursuant to Local Rules of Criminal Procedure 32.1.)

On January 6, 2003, Petitioner appeared before the Court with retained counsel, Keith M. Stroud, and entered a plea of guilty, without a plea agreement, to Count One of the indictment. The Court engaged Petitioner in a lengthy colloquy to ensure that his guilty plea was being tendered intelligently, knowingly, and voluntarily. Petitioner swore that he understood the charges and the minimum and maximum penalties that he faced. (See Transcript of Sentencing at 9-10.) Further, Petitioner acknowledged that he was in fact guilty of the charge to which he was pleading guilty, (id. at 18), that no one had threatened, intimidated, or forced him to plead, and no one had made him any promises of leniency in order to induce his plea, (id. at 26), and that he and counsel had fully discussed any defenses he might have had to the subject charges, (id. at 30.) Petitioner also swore that he was fully satisfied with his attorney's services. (Id. at 31.) The Court accepted petitioner's guilty plea. Petitioner then signed the Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), which memorialized his oral responses to the Court's inquiry.

In preparation for Petitioner's sentencing, the Probation Office for the Western District of North Carolina prepared a PSR dated February 28, 2003. Based on Petitioner's responsibility for a total of 4,784.3 grams of cocaine base, his base offense was level 38, plus a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), minus three levels for acceptance of

responsibility, yielding a total offense level of 37, (see Exh A ¶¶ 15, 16, 20, 21, 24), which, when combined with criminal history category I, (id. ¶ 287), generated a sentencing range of 210 to 262 months in prison, (id. ¶ 49). Petitioner objected to the PSR, arguing against the two-level enhancement for possession of a firearm during the charged violation of 21 U.S.C. § 841. Petitioner argued that he voluntarily pointed out the location of the firearm, which was in his girlfriend's apartment, and that it was improbable that the weapon was connected to the charged drug offense. Petitioner also argued that absent the firearm enhancement he would be eligible for sentencing under the safety-valve provision of the Sentencing Guidelines. On December 16, 2003, Petitioner, represented by retained counsel, Richard F. Della Fera, appeared before the Court for sentencing. Petitioner, under oath, acknowledged his previous guilty plea, stated that he understood the charge and the possible penalties, that he had been suitably advised and represented by his attorney, that he had entered his plea freely and voluntarily, and that he had committed the charged offense. (*See* Transcript of Sentencing at 3-4.) The Court found a factual basis to support the guilty plea, reaffirmed its acceptance of the plea, entered a verdict of guilty, and found that Petitioner's plea was competent, counseled, and freely and voluntary entered. (Id. at 4.) Petitioner then acknowledged to the Court that he had reviewed the PSR with his attorney and, through counsel, objected to the two level enhancement for the firearm found with a large amount of cash. Petitioner again argued that there was no connection between the firearm and the drugs. (Id. at 6-7, 20.) In response, the Government argued that the money represented drug proceeds, that the gun was found with the money, that the gun was thus related to the drug offense, and that the two-level enhancement was appropriate. (Id. at 8.) The Court overruled Petitioner's objection, stating:

>
> 2D1.1, application 3, says the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. So applying the clearly improbable standard to the evidence as it has been presented this morning, the location of the gun, the defendant's identification of the gun as being in the residence subsequent to this arrest as a matter of cooperation, and the cases interpreting analogous issues in the Fourth Circuit as I'm aware of them, it is my conclusion that the enhancement should apply in this particular instance and I so hold.

(Id. at 21-22.) The Court found that Petitioner's offense level was 37, which, coupled with criminal history category I, put him in the Guideline range of 210 to 262 months in prison. (Id. at 24.) The Court then sentenced Petitioner to 210 months in prison. (Id. at 32; see also Judgment filed 1/09/04, Clerk's Docket Sheet, Entry 18.)

Petitioner appealed his sentence to the Fourth Circuit Court of Appeals, challenging the two-level weapon enhancement. The Fourth Circuit affirmed the district court's finding and sentence, stating that "because [Petitioner] took the agents to the apartment where the gun and the money were located as part of his cooperation, . . . it was not clearly improbable that the gun was connected to [Petitioner's] drug activity." See United States v. Augustin, No. 04-4061, slip op. at 3 (4th Cir. Dec. 6, 2004). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which petition was granted. On January 24, 2005, the Supreme Court remanded the matter to the Fourth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). On remand, Petitioner contended that the district court erred under Booker in applying the sentencing guidelines as mandatory and in enhancing his sentence for possession of a firearm during the offense pursuant to U.S.S.G. § 2D1.1(b)(1) (2003) because the enhancement violated the Sixth Amendment. The Fourth Circuit found that no Sixth Amendment violation occurred and affirmed the

Petitioner's sentence. See United States v. Augustin, No. 04-4061, slip op. at 3 (4th Cir. Nov. 29, 2005). Specifically, the court noted that the district court gave no indication that it would have imposed a lower sentence under an advisory guideline system. Therefore, Petitioner could not show actual prejudice, and resentencing was not authorized. The court further noted that Petitioner admitted responsibility for more than 1.5 kilograms of crack and that with the two-level weapon enhancement and a three-level adjustment for acceptance of responsibility, his total offense level was 37, which, coupled with criminal history category I, generated a guideline range of 210-262 months. The district court sentenced Petitioner to 210 months. Without the enhancement for possession of a firearm during the offense, but also without the acceptance of responsibility, Petitioner's offense level would have been 38. The guideline range would then have been 235-293 months. Thus, Petitioner's sentence of 210 months' imprisonment did not exceed the maximum authorized based on the facts he admitted, and no Sixth Amendment violation occurred.

Thereafter, on March 13, 2006, Petitioner filed a Notice of Application of Certificate of Appealability and an Affidavit in Support of Notice in this Court stating that his case involved a question of constitutional law for review by the Court of Appeals. On March 14, 2006, the district court forwarded Petitioner's Notice and Affidavit to the Fourth Circuit Court of Appeals. (See Clerk's Docket Sheet, Entry 32, 3/14/06). In this appeal, Petitioner alleged that he was denied effective assistance of counsel. The Fourth Circuit dismissed Petitioner's appeal as redundant because he had previously appealed from the judgment entered by the district court. See United States v. Thomas Augustin, No. 06-6405, slip op. at 2 (4th Cir. Sept. 13, 2006.) On February 15, 2007, Petitioner filed a motion to vacate, set

aside, or correct sentence alleging that his attorney, Richard F. Della Fera, rendered ineffective assistance of counsel at all stages of the criminal proceedings.

Petitioner argues that Mr. Della Fera was ineffective in several regards. First, he argues that counsel advised him to enter a "straight up plea" of guilty, and that only then did he learn that he could be subject to an enhanced sentence based on the firearm. According to Petitioner, he attempted to explain to his attorney that the firearm really belonged to his girlfriend, but was advised by counsel that the explanation was not necessary. Petitioner further claims that his attorney assured him that the district court would not enhance his sentence based on the firearm and that Petitioner would probably qualify for a reduced sentence under the safety-valve provision.

Next, Petitioner alleges that Mr. Della Fera failed to adequately investigate the circumstances surrounding Petitioner's arrest and the subsequent search. Petitioner claims that he told counsel that he was arrested and not permitted to pick up his son from school, that he was distressed and confused, that his girlfriend was pregnant and was on bed rest due to complications, that he had told the officers that he wanted to speak to a lawyer (but was denied his right to an attorney), and that he and his girlfriend were coerced into their consent to search. (Id. at 15-16.) Petitioner also claims that his girlfriend told Detective Lackey that she had a registered handgun on the top shelf of a bookcase, and that because of discomfort resulting from her pregnancy she told Detective Lackey to ask Petitioner for assistance in locating the handgun. Petitioner further claims his girlfriend told Detective Lackey that she operated a vending machine business with Petitioner and that the gun was for her protection. (Id. at 7.) Petitioner argues that had his attorney investigated he would have discovered these

details, along with the fact that Petitioner only claimed ownership of the firearm out of fear for his girlfriend. (Id. at 16.) Petitioner concludes that this failure to investigate deprived him of the right to establish that the firearm was not connected to the drug violation, resulting in an unjustified, enhanced sentence.

Petitioner also alleges that counsel failed to present the Court with available information which would have exonerated Petitioner of the gun enhancement. First, he argues that counsel's key argument should have been that he never possessed the firearm during the relevant drug activity and that the firearm was not connected with the charged offense. Second, he argues that Mr. Della Fera should have moved to suppress the firearm based on involuntary consent. Third, he argues that Mr. Della Fera should have argued that the firearm was a gift to his girlfriend and that he never possessed the firearm in connection with the charged drug activity. Fourth, Petitioner claims that Mr. Della Fera failed to correctly argue that the "key requisite" for enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) is "that the handgun [must] be located in the same place where drugs are stored or distributed." (Id. at 27.) Finally, Petitioner claims that Mr. Della Fera failed to state the proper chronology of events on the day of the search. Petitioner believes that the appellate court affirmed the two-level, firearm enhancement to his sentence out of confusion, believing that the firearm and the drugs were found in the same apartment. Petitioner therefore claims that had "counsel reached back to them and vigorously pointed out their error," the issue would have been resolved in Petitioner's favor. (Id. at 30.)

In response to Petitioner's motion, the Government requested affidavits from Petitioner's attorneys, Keith Stroud and Richard Della Ferra. The Government has not

received an affidavit from Mr. Stroud. Mr. Della Fera states in his affidavit, attached as Government's Exhibit M, that at no time in his discussions with Petitioner was he advised that the firearm belonged to Petitioner's girlfriend. (See Exh. M ¶ 3.) Further, Mr. Della Fera avers that neither Petitioner nor Petitioner's girlfriend informed him that: (1) they maintained a vending machine business, which required the protection of a handgun, (id. ¶ 4); (2) that Petitioner's girlfriend attempted to explain to Detective Lackey that the handgun belonged to her, (id. ¶ 6); (3) that Petitioner's girlfriend directed Petitioner to retrieve the handgun for Detective Lackey, (id. ¶ 5), and; (4) that Petitioner took responsibility for ownership of the handgun only to protect his pregnant girlfriend from an insinuated threat of arrest, (id. ¶ 7). Likewise, Mr. Dell Fera declares that he was unaware that Petitioner's girlfriend was having problems with her pregnancy, (id. ¶ 8.); that he did not tell Petitioner that his girlfriend's version of events was not necessary, (id. ¶ 9); that he had no information to believe that the handgun was seized solely for the purpose of enhancing Petitioner's sentence, (id. ¶ 11); and that he correctly stated the facts of the search in his brief to the Fourth Circuit, (id. ¶ 12).

ANALYSIS

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST., art. VI. To merit relief on a claim of ineffective assistance of counsel pursuant to § 2255, Petitioner must establish two things: (1) deficient performance by counsel and, (2) that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is a strong

presumption that counsel's conduct was within the wide range of reasonable professional assistance.  See id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540, 543 (4thCir. 1977).  Furthermore, regarding prejudice, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice."  Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31).  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Fields, 956 at 1290 (citing Strickland, 466 U.S. at 697).

More critically, in the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); accord Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields, 956 F.2d 1297.  Based on the facts of record and relevant case law, this Court finds that Petitioner fails to meet the burden required to establish ineffective assistance of counsel.

Petitioner's allegations, discussed supra, are not supported by the facts of record or relevant case law.  First, it appears that Petitioner's claims are more of a challenge to the two-level enhancement to his sentence for possession of a firearm in relation to the charged drug activity than a Sixth Amendment challenge.  This issue was already decided in United States v. Augustin, No. 04-4061.  (*See* Exhs. F and H.)  Issues previously decided on direct

appeal from conviction cannot be recast in the form of a § 2255 motion. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974); Sanders v. United States, 373 U.S. 1, 18 (1963); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). Therefore, Petitioner is not entitled to relitigate issues decided adversely to him on direct appeal in a § 2255 motion.

Second, the record shows that Petitioner entered a knowing and voluntary plea of guilty to Count One of the indictment. Petitioner does not contest the fact that his plea was entered knowingly and voluntarily. It is well settled that a knowing and voluntary guilty plea constitutes an admission of the material elements of the crime and waives nonjurisdictional errors, including the depravation of constitutional rights which allegedly occurred prior to the entry of the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, Petitioner's claim that his attorney rendered ineffective assistance of counsel for failing to investigate the legality of the search and moving to suppress the seized handgun fails.

Third, the record shows that counsel strenuously objected to the firearm enhancement and argued at sentencing that the firearm and cash were found at a separate residence from the cocaine base and powder and, therefore, there was insufficient evidence to show that U.S.S.G. § 2D1.1(b)(1) was applicable to Petitioner. Contrary to Petitioner's objection, the district court determined that the evidence produced at the sentencing hearing was sufficient

to apply the enhancement. The requirements of U.S.S.G. 2D1.1(b)(1) are satisfied when the gun is located in a place where the drug offense is furthered. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). Detective Sidney Lackey testified that Defendant maintained two residences—one where a large quantity of cocaine and cocaine base was stored and a second where a large quantity of U.S. currency was stored. Detective Lackey further testified that Defendant's loaded weapon was located in the same residence as the large quantity of U.S. currency, supporting the inference that Petitioner possessed the firearm in connection with the drug offense. See United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) ("precisely concurrent acts" are not required for enhancement under U.S.S.G. § 2D1.1(b)(1)). The record also shows that Petitioner was afforded the opportunity to address the court prior to sentencing. (See Transcript of Sentencing at 27-28.) During his statement, he did not state to the court his version of the facts attendant to his arrest, the search of his two residences, and the seizure of drugs, money, and the handgun. His change of story, more than three years after the fact, is of questionable credibility.

Next, Petitioner claims that his case did not receive adequate consideration on direct appeal because counsel failed to state the proper chronology of the facts. However, Mr. Della Fera avers in his affidavit that he stated in Petitioner's appellate brief that the cash and handgun were found in the first residence searched, in which Petitioner's girlfriend and child also resided, and that the cocaine base and powder were later found in the second residence. (See Exh. M ¶ 12; see also Exh. E.) Further, the Court of Appeals rendered its decision in Petitioner's appeal based on the entire record, not solely on Petitioner's brief. It appears that Mr. Della Fera's affidavit, as well as the entire record of this case, refutes Petitioner's

claims. Therefore, the Court finds as a matter of fact that Mr. Della Fera's affidavit is credible and believable and Petitioner's allegations are incredible and unbelievable.

Petitioner has failed to demonstrate that his attorney's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness and that he was prejudiced thereby. Consequently, Petitioner has failed to meet his burden under his § 2255 motion.

## CONCLUSION

For the reasons stated herein, the Government's motion for Summary Judgement (Doc. No. 8) is hereby GRANTED.

IT IS SO ORDERED.

Signed: September 24, 2007

Frank D. Whitney
United States District Judge